UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FCE BENEFIT ADMINISTRATORS, INC., <br><br> Plaintiff, <br><br> v. <br><br> TRAINING, REHABILITATION & DEVELOPMENT INSTITUTE, INC., <br><br> Defendant. | Case No. 15-cv-01160-JST <br><br> **ORDER GRANTING IN PART MOTION TO REMAND** <br><br> Re: ECF No. 16 |

Before the Court is Plaintiff FCE Benefit Administrators, Inc.'s Motion to Remand, ECF No. 16. For the reasons set forth below, the Court will grant the motion to remand in part.

## I.  BACKGROUND

Plaintiff FCE Benefit Administrators, Inc. ("FCE") is a third party administrator that provides services including hour tracking, fringe compliance, consolidated premium billing, and web enrollment and cloud solutions for fringe benefit health plans. Declaration of Gary Beckman ("Beckman Decl."), ECF No. 18 ¶ 2. Defendant Training, Rehabilitation and Development Institute, Inc. ("TRDI") is a former FCE client. Id. ¶ 3. In September 2008, the parties entered into an Adoption Agreement for TRDI's Health and Welfare Plan and a Third Party Administrator Agreement ("TPA Agreement"). Id. On June 10, 2014, TRDI notified FCE that it was terminating the TPA Agreement. Id. ¶ 7. FCE alleges, however, that it continued to provide services through mid-October of 2014, with TRDI's approval, and that it was not compensated for those services. Id.; see also Compl., ECF No. 2.

On January 30, 2015, FCE filed a complaint against TRDI in San Mateo County Superior Court for (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) unjust enrichment; and (4) quantum meruit. Compl. at 1. On March 11, 2015, TRDI filed a

cross-complaint in San Mateo County Superior Court, stating claims for (1) breach of fiduciary duty under the Employee Retirement Income Security Act ("ERISA"); (2) prohibited transactions under ERISA; (3) equitable relief pursuant to ERISA; (4) breach of contract; (5) breach of the implied covenant of good faith and fair dealing; (6) unjust enrichment; and (7) accounting. Cross-compl., ECF No. 1-2 at 3. On the same day, TRDI removed the action to this Court based on diversity of citizenship, pursuant to 28 U.S.C. sections 1332 and 1441(a) and (b). ECF No. 1. Plaintiff does not dispute that the requirements for diversity jurisdiction are met. ECF No. 22 at 2.

FCE filed its motion to remand on April 1, 2015, citing Article VII(f) of the parties' TPA agreement, which provides:

> <u>Governing Law and Venue</u>: This Agreement will be governed by the internal laws of the State of California except to the extent preempted by ERISA, COBRA or other applicable federal law and the venue for resolving any dispute under this Agreement will be San Mateo County, California.

ECF No. 16; TPA Agreement, ECF No. 17 Ex. 2.[1] FCE requests that the Court remand this action in its entirety or, in the alternative, to the maximum extent possible, to the San Mateo County Superior Court. ECF No. 16 at 2. TRDI opposes the motion. ECF No. 21.

### III.  LEGAL STANDARD

In diversity cases, federal law governs the enforceability and interpretation of forum selection clauses. <u>Manetti-Farrow, Inc. v. Gucci Am., Inc.</u>, 858 F.2d 509, 513 (9th Cir. 1988) (citing <u>The Bremen v. Zapata Off-Shore Co.</u>, 407 U.S. 1 (1972)). In interpreting a forum selection clause, "we look for guidance to general principles for interpreting contracts." <u>Doe 1 v. AOL LLC</u>, 552 F.3d 1077, 1081 (9th Cir. 2009) (internal quotation marks omitted). "[A] forum section clause is 'prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances.'" <u>Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.</u>, 741 F.2d 273, 279 (9th Cir. 1984) (quoting <u>The Bremen</u>, 407 U.S. at 10). "A

---

[1] FCE also requests that the Court take judicial notice of: (1) TRDI's cross-complaint, and (2) the TPA Agreement, which is Exhibit 3 to FCE's complaint. ECF No. 17. Judicial notice is not necessary with respect to other pleadings in the same case. <u>Wolfes v. Burlington Ins. Co.</u>, Nos. 07-cv-00696-RMW, 07-cv-04657-RMW, 2010 WL 842327, at *4 n.3 (N.D. Cal. Mar. 10, 2010); <u>see also</u> Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

2

1  district court may remand a case to state court to effectuate a forum selection clause." Calisher &
2  Assocs, Inc. v. RGCMC, LLC, Nos. 08-cv-06523-MMM, 08-cv-06540-MMM, 2008 WL
3  4949041, at *2 (C.D. Cal. Nov. 17, 2008); see also Pelleport, 741 F.2d at 275, 281 (affirming
4  district court's remand to state court on the grounds of a forum selection clause); Boggs v. Lewis,
5  863 F.2d 662, 663 (9th Cir. 1988) ("This court strictly construes the removal statute against
6  removal jurisdiction.").

## IV.   DISCUSSION

### A.   Forum Selection Clause

The parties dispute the meaning of the forum selection clause, which states that the "[TPA] Agreement will be governed by the internal laws of the State of California except to the extent preempted by . . . applicable federal law and the venue for resolving any dispute under this Agreement will be San Mateo County, California." TPA Agreement at 11. FCE contends that this is a mandatory forum selection clause that provides for exclusive jurisdiction in the San Mateo County Superior Court. ECF No. 16 at 5-6. TRDI contends that the clause is either permissive or ambiguous, and does not require that litigation take place in state court. ECF No. 21 at 5-8.

The Court concludes that the forum selection clause is mandatory. "To be mandatory, a clause must contain language that clearly designates a forum as the exclusive one." N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co., 69 F.3d 1034, 1037 (9th Cir. 1995). Here, the language at issue is similar to the mandatory forum selection clause in Docksider, Ltd. v. Sea Technology, Ltd., which provided that, "[v]enue of any action brought hereunder shall be deemed to be in Gloucester County, Virginia." 875 F.2d 763, 763 (9th Cir. 1989); see id. at 764 ("This mandatory language makes clear that venue, the place of suit, lies exclusively in the designated county."); see also Vogt-Nem, Inc. v. M/V Tramper, 263 F. Supp. 2d 1226, 1231 (N.D. Cal. 2002) ("will," as used in forum selection clause, is mandatory to the same extent as "shall").

Because the clause mandates that "venue . . . will be San Mateo County, California," and there is no federal courthouse in San Mateo County, the Court also concludes that the clause unambiguously requires that disputes under the agreement be resolved in San Mateo County Superior Court. See Stone v. Cnty. of Lassen, No. 12-cv-01946-MCE, 2013 WL 269085, at *3

(E.D. Cal. Jan. 23, 2013) ("A forum selection clause stating that venue 'shall be in' a particular county means that venue lies in state court when there is no federal court in that particular county- even though that county may be part of a judicial district whose courthouse lies elsewhere."); Air Ion Devices, Inc. v. Air Ion, Inc., No. 02-cv-1717-SI, 2002 WL 1482665, at *2 (N.D. Cal. July 5, 2002) (forum selection clause stating that "[A]ny action commenced by AID to enforce its rights against AI shall be brought in the County of Marin, State of California," establishes that Marin County is the only venue for such an action); Yakin v. Tyler Hill Corp., 566 F.3d 72, 76 (2d Cir. 2009) ("A reasonable person reviewing the statement 'It is agreed that the venue and place of trial of any dispute that may arise out of this Agreement . . . shall be in Nassau County, New York,' would necessarily conclude that the parties intended that litigation take place in an appropriate venue in Nassau County and that this commitment was not conditioned on the existence of a federal courthouse in that county."); cf. Simonoff v. Expedia, Inc., 643 F.3d 1202, 1207 (9th Cir. 2011) ("[A] forum selection clause that vests 'exclusive jurisdiction and venue' in the courts 'in' a county provides venue in the state and federal courts located in that county."); Alliance Health Grp., LLC v. Bridging Health Options, LLC, 553 F.3d 397, 400 (5th Cir. 2008) ("[T]he clause at hand, providing for venue in a specific county, permits venue in either federal or state court, because a federal courthouse is located in that county."); Global Satellite Commc'n Co. v. Starmill U.K. Ltd., 378 F.3d 1269, 1272 (11th Cir. 2004) (suit in either the Seventeenth Judicial District of Florida or in the Fort Lauderdale Division of the Southern District of Florida, both located in Broward County, would satisfy a requirement that "[v]enue shall be in Broward County").

Defendant relies principally on Merrell v. Renier, 06-cv-404-JLR, 2006 WL 1587414 (W.D. Wash. June 6, 2006), to argue that the forum selection clause does not prohibit removal to federal court. ECF No. 21 at 6-8. In Merrell, the parties' forum selection clause provided that "venue . . . will reside in the United States and in the county of residence of the non-breaching party." Id. at *1. The relevant county was Snohomish County, which is located within the Western District of Washington, but does not have a federal courthouse. Id. at *1-2. The court concluded that the forum selection clause was mandatory, citing Docksider, but that it did not prohibit a federal court from hearing the case. Id. at *2-3. The court reasoned that the term

4

"venue" does not necessarily equate to the location of a courthouse, and the clause was therefore ambiguous and failed as a matter of law to prevent the court from hearing the action. Id.

The Court agrees with FCE that the holding in Merrell is inconsistent with the reasoning of the Ninth Circuit's subsequent decision in Simonoff. In the latter case, the Ninth Circuit explained that a forum selection clause vesting exclusive jurisdiction and venue in a particular county contemplates federal as well as state courts as proper courts for adjudication because "when a federal court sits in a particular county, the district court is undoubtedly 'in' that county." Simonoff, 643 F.3d at 1206 (citing Alliance Health, 553 F.3d at 399-400; Global Satellite Commc'n, 378 F.3d at 1272). As FCE points out, the location of a federal courthouse within a particular county would have been irrelevant if the court had concurred with the Merrell court's conclusion that a clause mandating venue in a specific county does not prohibit filing an action "in a federal district court that encompasses the county, but has no courthouse within the county." Merrell, 2006 WL 1587414, at *2; see Simonoff, 643 F.3d at 1206 n. 2 ("[T]he present action was removed to the Seattle Division of the Western District of Washington, which has its only courthouse in King County. This case unquestionably was removed to a court 'in' King County, Washington.").

TRDI also argues that the forum selection clauses in Stone and similar cases are distinguishable from the clause in the parties' agreement because those clauses provided for venue "in" a specific county. ECF No. 21 at 7. The forum selection clause at issue here states that "venue . . . will be San Mateo County," and, TRDI suggests, therefore lacks crucial "geographically limiting language." Id. The Court disagrees with TRDI that the reference to San Mateo County in this clause is "oblique" and therefore does not "clearly designate" San Mateo County Superior Court as an exclusive forum. Id. It is true that in Simonoff, the Court emphasized the importance of the preposition "in." 643 F.3d at 1206. But in this case, the Court does not perceive a material difference between the clauses "the venue will be San Mateo County" and "venue will be *in* San Mateo County."[2] These phrases equally suggest that disputes should be

---

[2] TRDI's suggestion that the word "in" makes all the difference is somewhat undermined by its contention that Merrell is the "most-analogous case" and its reasoning "applies to this matter,"

resolved in courts located within San Mateo County, i.e. the San Mateo County Superior Court. See Doe 1, 552 F.3d at 1081 ("Contract terms are to be given their ordinary meaning . . . . Whenever possible, the plain language of the contract should be considered first.").

To summarize, the Court concludes that the forum selection clause is mandatory and unambiguous, and contemplates that disputes will be resolved in San Mateo County Superior Court. Because the contract language is unambiguous, the Court need not consider TRDI's arguments that: (1) the ambiguous contract language should be construed against the drafter, FCE; and (2) "FCE should not be permitted to foist ambiguous language on out-of-state clients," particularly in a suit that is the product of a "race to the courthouse." ECF No. 21 at 8-9.

In the alternative, TRDI argues that even if the forum selection clause is mandatory and unambiguous, the scope of the clause is plainly limited to "resolving any dispute under this Agreement," and therefore applies only to claims relating to the interpretation or performance of the TPA Agreement. ECF No. 21 at 10 (citing Mediterranean Enters., Inc. v. Ssangyong Corp., 708 F.2d 1458, 1464 (9th Cir. 1983) (concerning an arbitration clause). TRDI argues that FCE's unjust enrichment and quantum meruit claims involving third party service providers fall outside the scope of the forum selection clause because they will require the Court to consider matters outside the TPA Agreement, including any obligations that TRDI owed to third parties pursuant to the Plan. ECF No. 21 at 10-11.[3] FCE argues that the claims fall within the scope of the forum selection clause because they relate to the interpretation of the contract. ECF No. 22 at 9 (citing Manetti-Farrow, 858 F.2d at 514 ("[F]orum selection clauses can be equally applicable to contractual and tort causes of action. Whether a forum selection clause applies to tort claims depends on whether resolution of the claims relates to interpretation of the contract." (internal citations omitted); Guenther v. Crosscheck, Inc., No. 09-cv-01106-WHA, 2009 WL 1248107, at

---

ECF No. 21 at 6, 8, because the forum selection at issue in Merrell provided that "venue. . . will reside . . . in the county of residence of the non-breaching party." See Merrell, 2006 WL 1587414, at *1.
[3] TRDI also contends that its ERISA counterclaims are not subject to the forum selection clause. ECF No. 21 at 11. As discussed below, the Court has exclusive jurisdiction over these causes of action and therefore will not remand them to the San Mateo County Superior Court, regardless of whether they fall within the scope of the forum selection clause.

\*5 (N.D. Cal. April 30, 2009) ("Plaintiff's unjust-enrichment claim, however, does not prevent enforcement of the forum-selection clause.")).

The Court concludes that the claims involving third parties fall within the scope of the forum selection clause. The relevant allegations in the complaint involve benefits conferred on TRDI by third party service providers. Compl. ¶¶ 54-55, 61. According to the complaint, "FCE has invoiced TRDI for payment" on behalf of these "other named service providers," and these invoices have gone unpaid. Id. ¶ 35. The complaint references Article IV, section (a) of the TPA Agreement, providing for "payment to FCE and/or other named service providers," and alleges that "[w]hen FCE provides TPA Services and when other service providers provide benefits or services under the Plan, as part of the TPA Services FCE provides, FCE submits the invoices for all such services." Id. ¶¶ 17-18. The claims involving third parties are therefore tied into the parties' contractual dispute and fall within the scope of the forum selection clause governing "any dispute under this Agreement." See Manetti-Farrow, 858 F.2d at 514.

**B.     Remand**

Although the forum selection clause contemplates that all disputes will be resolved in San Mateo County Superior Court, FCE acknowledges that this Court has exclusive jurisdiction over TRDI's ERISA counterclaims. ECF No. 16 at 3; ECF No. 22 at 10. FCE also concedes that "if remanding the state law claims would result in parallel duplicative lawsuits in both federal and state court on the same set of facts, then the Court may retain jurisdiction of both the claims subject to exclusive federal jurisdiction and the remaining claims over which it has pending jurisdiction." ECF No. 16 at 7. Nevertheless, FCE argues that the Court should not allow TRDI to avoid its obligations under the forum selection clause, and should therefore remand either the entire action, or the entire action except the ERISA claims, to the San Mateo County Superior Court. Id. at 3. FCE argues that parallel lawsuits would not be duplicative because the primary issues raised by the ERISA litigation are distinct from the contract-related state law claims. Id. at 9-10. TRDI contends that the ERISA and contractual claims arise out of the same nucleus of operative facts, and the Court should therefore retain jurisdiction over all of the causes of action in this matter. ECF No. 21 at 11-12.

7

1    The Court will retain jurisdiction over TRDI's ERISA counterclaims.[4] However, the Court concludes that the questions raised in the state law claims and the ERISA claims are sufficiently distinct that parallel litigation would not be duplicative or waste judicial resources. As Plaintiff explains, whether FCE was a fiduciary, whether it breached any fiduciary duties to the Plan, and whether it was a party in interest that engaged in prohibited transactions, are questions that do not substantially overlap with the resolution of the state law contract and quasi-contract claims at the heart of this action. ECF No. 16 at 9-10. Accordingly, the Court will enforce the forum selection clause to the extent it is "[]reasonable under the circumstances," and remand all of the non-ERISA claims to San Mateo County Superior Court. Pelleport, 741 F.2d at 279 (internal quotation marks omitted). To the extent TRDI is concerned that it would be impracticable to simultaneously pursue litigation in both this Court and the Superior Court, the Court has discretion to stay this action pending resolution of the contract claims in state court. See Clinton v. Jones, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

## IV.   CONCLUSION

For the foregoing reasons, the motion to remand is granted in part. This Court retains jurisdiction over Counts I, II, and III of the cross-complaint. The remainder of the action is remanded to the Superior Court of the State of California, County of San Mateo.

IT IS SO ORDERED.

Dated: May 7, 2015

_____
JON S. TIGAR
United States District Judge

---

[4] FCE suggests without explanation that by agreeing to the forum selection clause, TRDI waived "jurisdiction over inconsistent compulsory counterclaims." ECF No. 22 at 10. FCE also states that "courts have held that even compulsory counterclaims within the scope of a valid forum selection clause – such as the (purportedly compulsory) ERISA claims here – may be subject to dismissal despite the existence of both jurisdiction and venue." Id. at 11. Neither statement presents a persuasive reason to dismiss TRDI's ERISA claims, and the Court declines to do so.