ROBERT D. EASSA (SBN 107970)
robert.eassa@sedgwicklaw.com
MARC A. KOONIN (SBN 166210)
marc.koonin@sedgwicklaw.com
TARA K. CLANCY (SBN 253321)
tara.clancy@sedgwicklaw.com
SEDGWICK LLP
333 Bush Street, 30th Floor
San Francisco, CA 94104-2834
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

Attorneys for Plaintiff
FCE BENEFIT ADMINISTRATORS, INC.

GRACE A. CARTER (SB# 101610)
gracecarter@paulhastings.com
STEPHEN H. HARRIS (SB# 184608)
stephenharris@paulhastings.com
LAWRENCE A. LEVENDOSKY (SB# 254903)
larrylevendosky@paulhastings.com
PAUL HASTINGS LLP
55 Second Street, 24th Floor
San Francisco, CA 94105
Telephone: (415) 856-7000
Facsimile: (415) 856-7100

Attorneys for Defendant
TRAINING, REHABILITATION &
DEVELOPMENT INSTITUTE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FCE BENEFIT ADMINISTRATORS, INC., | CASE NO. 3:15-CV-01160-JST |
| Plaintiff, | **STIPULATED [PROPOSED] PROTECTIVE ORDER** |
| vs. | |
| TRAINING, REHABILITATION & DEVELOPMENT INSTITUTE, INC., and DOES 1 through 10 inclusive, | |
| Defendants. | Complaint filed:    January 30, 2015<br>Removal:             March 11, 2015 |
| AND RELATED CROSS-ACTION. | |

To facilitate the production of Confidential Information through the discovery process in both this Federal Litigation and the related State Action, Plaintiff and Cross-defendant FCE Benefit Administrators, Inc. ("FCE"), by and through its attorneys of record, Sedgwick LLP, and Defendant and Cross-complainant  Training, Rehabilitation & Development Institute, Inc. ("TRDI"), by and through its attorneys of record, Paul Hastings LLP, (collectively the "Parties"), enter into the following Stipulated [Proposed] Protective Order ("Protective Order") regarding the production and exchange of documents in this Federal Litigation as follows.

1.    PURPOSES AND LIMITATIONS

1.1    Disclosure and discovery activity in the Related Actions is likely to involve production of confidential, proprietary, or private information and/or documents for which special protection from public disclosure and from use for any purpose other than prosecuting and defending the Related Actions may be warranted, such as information and/or documents involving trade secrets, and/or confidential business or financial information of the Parties or Non-Parties, and/or private personal information, including medical, personnel, and financial information, for the employees and related beneficiaries of the Parties or any Non-Party, and any similar information regarding any Party or Non-Party which may be subject to legal protection from disclosure and which is not otherwise available to the public. Accordingly, the Parties hereby stipulate to and petition the court to enter the following Protective Order. The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3, below, that this Protective Order does not entitle them to file confidential information under seal in this Federal Litigation; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal in this Federal Litigation.

1.2    Both Parties anticipate that many (if not most) of the documents and much (if not most) of the information produced in one or both of the Related Actions will be relevant to and

1    used by the Parties in both Related Actions, and that the Parties may designate certain documents

2    and/or other information as being produced or disclosed for use in both Related Actions.

3    Accordingly, to the extent that any documents, discovery responses (including deposition

4    transcripts) and/or other information are produced in discovery and designated as qualifying for

5    protection as a form of confidential information under an applicable protective order issued by a

6    California State court in the State Action, such materials are also entitled to protection as

7    Protected Material and/or Confidential Information under this Protective Order to the extent that

8    they are also produced in, used by any Party in, and/or proffered as evidence this Federal

9    Litigation.  This does not, however, relieve any Party or Non-Party covered by an applicable

10   protective order issued in the State Action from obeying the relevant terms of such an order

11   relevant in the State Action.  For example, a document designated as containing "Confidential

12   Information" subject to protection under this Protective Order and a protective order in the State

13   Action could only be filed in each respective court consistent with the terms of the relevant

14   protective order.  To the extent that any provision of a protective order issued in the State Action

15   contradicts or is inconsistent with a requirement of this Protective Order, the Parties shall follow

16   the terms of this Protective Order in motions, hearings, and discovery or other similar

17   proceedings in the Federal Litigation, and shall follow the terms of the protective order issued in

18   the State Action in motions, hearings, and discovery or other similar proceedings in the State

19   Action.

20        2.    DEFINITIONS

21             2.1    Challenging Party:  a Party or Non-Party that challenges the designation of

22   information or items under this Protective Order.

23             2.2    "CONFIDENTIAL" Information or Items (also referenced as "Confidential

24   Information"):  information (regardless of how it is generated, stored or maintained) or tangible

25   things that qualify for protection under Federal Rule of Civil Procedure 26(c) in this Federal

26   Litigation or which is entitled to similar protection under California and/or federal law in the

27   State Action.

28

1    2.3      Counsel (without qualifier):  Outside Counsel of Record and House

2  Counsel (as well as their support staff).

3    2.4      Designating Party:  a Party or Non-Party that designates information or

4  items that it produces in disclosures or in responses to discovery in this Federal Litigation as

5  "CONFIDENTIAL."  A Designating Party may also be a Party that designates information or

6  items that a non-party produces as "CONFIDENTIAL."

7    2.5      Disclosure or Discovery Material:  all items or information, regardless of

8  the medium or manner in which it is generated, stored, or maintained (including, among other

9  things, testimony, transcripts, and tangible things), that are produced or generated in disclosures

10  or responses to discovery in the Federal Litigation and/or the State Action.

11    2.6      Expert:  a person with specialized knowledge or experience in a matter

12  pertinent to the Federal Litigation and/or the State Action who has been retained by a Party or its

13  Counsel to serve as an expert witness or as a consultant in this Federal Litigation and/or the State

14  Action.

15    2.7      Federal Litigation: Case No. 3:15-cv-01160-JST, in which the Complaint is

16  captioned *FCE Benefit Administrators, Inc. v. Training, Rehabilitation & Development Institute, Inc.,*

17  *et al.*, and the Cross-complaint is captioned *Training, Rehabilitation & Development Institute, Inc.,*

18  *on Behalf of Itself and the Health and Welfare Plan of Training, Rehabilitation & Development*

19  *Institute, Inc. v. FCE Benefit Administrators, Inc.,* which was removed to the United States District

20  Court for the Northern District of California, and for which TRDI alleges claims against FCE under

21  the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. §§ 1001 et seq.),

22  specifically (i) breach of fiduciary duty, (ii) prohibited transactions, and (iii) equitable relief.

23    2.8      House Counsel:  attorneys who are employees of a Party to this Federal

24  Litigation and/or the State Action. House Counsel does not include Outside Counsel of Record or

25  any other outside counsel.

26    2.9      Non-Party:  any natural person, partnership, corporation, association, or

27  other legal entity not named as a Party to this Federal Litigation or the State Action.

28

-4-

2.10 <u>Outside Counsel of Record</u>:  attorneys who are not employees of a Party to this Federal Litigation but are retained to represent or advise a Party to this Federal Litigation (and/or the State Action) and have appeared in this Federal Litigation (and/or the State Action) on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.11 <u>Party</u>:  any Party to this Federal Litigation (and/or the State Action), including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this Federal Litigation (and/or the State Action).

2.13 <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" in this Federal Litigation and/or the State Action.

2.15 <u>Related Actions</u>:  both the Federal Litigation and the State Action.

2.16 <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party in this Litigation and/or the State Action.

2.17 <u>State Action</u>:  the related litigation, as reflected in the Complaint, captioned *FCE Benefit Administrators, Inc. v. Training, Rehabilitation & Development Institute, Inc., et al.*, and the related Cross-complaint, captioned *Training, Rehabilitation & Development Institute, Inc., on Behalf of Itself and the Health and Welfare Plan of Training, Rehabilitation & Development Institute, Inc. v. FCE Benefit Administrators, Inc.*, originally filed in Superior Court of California, County of San Mateo, Civil Case Number 532317.  Following removal and partial remand, in the State Action, FCE alleges causes of action for (i) breach of contract, (ii) breach of the covenant of good faith and fair dealing, (iii) unjust enrichment, and (iv) quantum meruit.  In the State Action, TRDI alleges causes of action for (i) breach of contract, (ii) breach of the implied covenant of good faith and fair dealing, (iii) unjust enrichment, and (iv) accounting.

3.       SCOPE

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Protective Order do not cover the following information and documents: (a) any information that is in the public domain and/or any documents that are in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record through trial or otherwise; and (b) any information known to and/or documents in the possession of the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.       DURATION

Even after final disposition of this Federal Litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Federal Litigation, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Federal Litigation, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.  Similarly, final disposition of the State Action shall be deemed to be the later of (1) dismissal of all claims and defenses in the State Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of the State Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

1      5.     DESIGNATING PROTECTED MATERIAL

2          5.1      Exercise of Restraint and Care in Designating Material for Protection. Each

3   Party or Non-Party that designates information or items for protection under this Protective Order

4   must take care to limit any such designation to specific material that qualifies under the

5   appropriate standards. The Designating Party must designate for protection only those parts of

6   material, documents, items, or oral or written communications that qualify – so that other portions

7   of the material, documents, items, or communications for which protection is not warranted are

8   not swept unjustifiably within the ambit of this Protective Order.

9          Mass, indiscriminate, or routinized designations are prohibited. Designations that are

10   shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

11   unnecessarily encumber or retard the case development process or to impose unnecessary

12   expenses and burdens on other parties) expose the Designating Party to sanctions.

13          If it comes to a Designating Party's attention that information or items that it

14   designated for protection do not qualify for protection, that Designating Party must promptly

15   notify all other Parties that it is withdrawing the mistaken designation.

16          5.2      Manner and Timing of Designations.  Except as otherwise provided in this

17   Protective Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated

18   or ordered, Disclosure or Discovery Material that qualifies for protection under this Protective

19   Order must be clearly so designated by the Producing Party before the material is disclosed or

20   produced.

21          Designation in conformity with this Protective Order requires:

22          (a)      for information in documentary form (e.g., paper or electronic documents,

23   but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

24   Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a

25   portion or portions of the material on a page qualifies for protection, the Producing Party also

26   must clearly identify the protected portion(s) (e.g., by making appropriate markings in the

27   margins).

28

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Protective Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.  In addition, a Party may designate in writing, within thirty (30) days after receipt of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "CONFIDENTIAL."

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(d)     A party may also designate as "Confidential Information" documents or discovery materials produced by a non-party (such as in response to a subpoena) by providing written notice to all Parties (and any effected Non-parties) of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials.

(e)     Any Party or Non-party may voluntarily disclose to others without restriction any information designated by that Party or Non-party only as Confidential Information, although a document may lose its confidential status if it is made public.

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  So long as the resolution of a previous challenge to the same Protected Materials is not already pending or complete in this Federal Litigation or the State Action, any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Federal Litigation and/or the State Action, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Effect of Previous Challenge (Including Challenge in Related State Court Action).  If a Party or a Non-Party challenges the designation of Protected Materials which are also subject to and designated as confidential information under a protective order issued by a California court in the State Action, and the Designating Party has sought review before a California court consistent with that order, this Court shall decline to hear a later filed parallel hearing and shall treat the determination of the California court as binding in the Federal Litigation.  Similarly, if a Party or a Non-Party challenges the designation of Protected Materials and the Designating Party has sought review in this Court, the Designating Party need not (and should not) seek parallel review in the State Action.  Additionally, once this Court has ruled on the challenge to any designation of Protective Materials as CONFIDENTIAL Information, the Parties and Non-parties should not bring additional challenges and/or seek additional review without a good faith basis for doing so, such as new information about the scope of disclosure or a change in the law.  A Designating Party who sought previous review of a designation of particular Protected Materials before a California court should not seek additional and/or

1   subsequent review of the designation for the same Protected Materials in this Court and a

2   Designating Party who sought previous review of a designation of particular Protected Materials

3   before this Court should not seek additional and/or subsequent review of the designation for the

4   same Protected Materials in a California court.

5          6.3      Meet and Confer.  The Challenging Party shall initiate the dispute

6   resolution process by providing written notice of each designation it is challenging and describing

7   the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the

8   written notice must recite that the challenge to confidentiality is being made in accordance with

9   this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge

10  in good faith and must begin the process by conferring directly (in voice to voice dialogue; other

11  forms of communication are not sufficient) within 14 days of the date of service of notice. In

12  conferring, the Challenging Party must explain the basis for its belief that the confidentiality

13  designation was not proper and must give the Designating Party an opportunity to review the

14  designated material, to reconsider the circumstances, and, if no change in designation is offered,

15  to explain the basis for the chosen designation. A Challenging Party may proceed to the next

16  stage of the challenge process only if it has engaged in this meet and confer process first or

17  establishes that the Designating Party is unwilling to participate in the meet and confer process in

18  a timely manner.

19         6.4      Judicial Intervention.  If the Parties cannot resolve a challenge without

20  court intervention, the Designating Party shall either seek relief under any applicable protective

21  order issued in the State Action or file and serve a motion to retain confidentiality under Civil

22  Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the

23  initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer

24  process will not resolve their dispute, whichever is earlier. Each such motion must be

25  accompanied by a competent declaration affirming that the movant has complied with the meet

26  and confer requirements imposed in the preceding paragraph. Failure by the Designating Party

27  either to seek relief pursuant to a protective order issued in the State Action or to make such a

28  motion including the required declaration within 21 days (or 14 days, if applicable) shall

automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this Federal Litigation and/or the State Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. When the Federal Litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record and House Counsel in this Federal Litigation and/or the State Action, as well as employees of said Outside Counsel of

Record to whom it is reasonably necessary to disclose the information for this Federal Litigation and/or the State Action;

       (b)       the officers, directors, and employees (excluding House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Federal Litigation and/or the State Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Addendum A);

       (c)       Experts (as defined in this Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this Federal Litigation and/or the State Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Addendum A);

       (d)       the Court and its personnel;

       (e)       court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Federal Litigation and/or the State Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Addendum A);

       (f)       during their depositions (and in later reviewing their transcripts), witnesses in the Federal Litigation and/or the State Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Addendum A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

       (g)       the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

       (h)       mediators or other Alternative Dispute Resolution neutrals (including their employees, agents, and contractors), to whom disclosure is reasonably necessary for resolving this Federal Litigation and/or the State Action and who have signed the "Agreement to Be Bound by Protective Order" (Addendum A).

8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in litigation other than the Related Actions that compels disclosure of any information or items designated in this Federal Litigation as "CONFIDENTIAL," that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Federal Litigation as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Federal Litigation to disobey a lawful directive from another court.

9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)     The terms of this Protective Order are applicable to information produced by a Non-Party in this Federal Litigation and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this Federal Litigation is protected by the remedies and relief provided by this Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)       In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)      promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Protective Order in this Federal Litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party.

(c)       If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Addendum A.

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
PROTECTED    MATERIAL

11.1        Basic Principles. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, other than the attorney-client privilege or work-product protection,  the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

11.2        Protection and Clawback of Information and Documents Based on the Attorney-Client Privilege and/or the Work-Product Doctrine. Pursuant to Federal Rule of Evidence 502(d) and (e), the production of attorney-client privileged or work-product protected information or documents, including but not limited to electronically stored information ("ESI"), and whether inadvertent or otherwise, is not a waiver of the attorney-client privilege or work-product doctrine protection in this Federal Litigation or in any other federal or state proceeding, including but not limited to the State Action.  This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  A Producing Party which becomes aware of a disclosure of information or documents protected by the attorney-client privilege and/or the work product doctrine shall take the following steps:

(a)        The Producing Party must notify the Receiving Party promptly, in writing, upon discovery that a privileged or otherwise protected document has been produced.  Upon receiving written notice from the Producing Party that privileged and/or work product material has been produced (the "Identified Materials"), all such information, and all copies thereof, shall be returned to the Producing Party or destroyed or deleted within ten (10) business days of receipt of such notice .  The Receiving Party shall also attempt, in good faith, to retrieve and return or destroy all copies of the documents in electronic format in databases or other locations used to store the documents.  The Receiving Party may make no use of the Identified Materials during any aspect of this Federal Litigation or any other matter, including in depositions or at trial, unless the documents are later designated by a court as not privileged or protected.  The

Producing Party will provide a privilege log providing information required, as appropriate, by the California Discovery Act, Federal Rules of Civil Procedure, or both, and applicable case law to the Receiving Party when the Producing Party provides the Receiving Party notice of the Identified Materials.

(b)	In situations other than when a Party is requesting the return of attorney-client privileged or work-product doctrine protected information or documents produced in discovery, communications exclusively between a Party and its Outside Counsel of Record after the commencement of one or both of the Related Actions need not be included on a privilege log and work product created by Outside Counsel of Record after the commencement of one or both of the Related Actions also need not be included on a privilege log;

(c)	The specific contents of the Identified Materials shall not be disclosed by the Receiving Party to anyone who was not already aware of the contents before the notice was made.

(d)	The Party returning the Identified Materials may move the Court for an order compelling production of some or all of the material returned or destroyed, but the basis for such a motion may not be the fact or circumstances of the production.

(e)	If the Receiving Party has any notes or other work product reflecting the specific contents of the Identified Materials, the Receiving Party will not review or use those materials unless a court later designates the Identified Materials as not privileged or protected.

(f)	The fact that the Parties have stipulated to the entry of this Protective Order does not constitute a concession by any Party that any documents are subject to protection by the attorney-client privilege, the work product doctrine or any other potentially applicable privilege or doctrine. This agreement also is not intended to waive or limit in any way any Party's right to contest any privilege claims that may be asserted with respect to any of the documents produced except to the extent expressly stated in this Protective Order.

12.	MISCELLANEOUS

12.1     Right to Further Relief. Nothing in this Protective Order abridges the right of any person to seek its modification by the court in the future.

12.2     Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3     Filing Protected Material in this Federal Litigation. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Federal Litigation any Protected Material. A Party that seeks to file under seal any Protected Material in this Federal Litigation must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

12.4     Filing Protected Material in the State Action. The lodging and filing of documents and information under seal in the State Action shall be governed by applicable California state law, including but not limited to the provisions of any protective order issued by a California court in the State Action.

13.     FINAL DISPOSITION

After the final disposition of both of the Related Actions,, as defined in paragraph 4, within 60 days after receiving notice of the same accompanied by a request to return or certify the destruction of Protected Material, except as set forth below, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision,

"all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) certifies that all the Protected Material that was returned or destroyed (or identifies any that was not) and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain archival copies of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).  Similarly, vendors, consultants and/or expert witnesses who are required to maintain any Protected Material they have received in one or both Related Actions due to legal, ethical and/or professional standards requirements (including standards imposed by insurers or regulators) may do so on the condition that any such retained Protected Material shall remain subject to this Protective Order as set forth in Section 4 (DURATION).  Finally, court reporters and/or videographers as well as mediators and other alternative dispute resolution providers (as well as their employers, if any), may maintain copies or originals of any Protected Material they have received in one or both Related Actions consistent with their regular business practices on the condition that any such retained Protected Material shall remain subject to this Protective Order as set forth in Section 4 (DURATION). Any person who, consistent with this Section 13, retains Protected Material after the disposition of one or both Related Actions shall, consistent with Section 8, provide notice to the Designating Party of any effort to request, subpoena, or order production of Protected Material, and shall ensure the destruction of any retained Protected Material if and when it eventually destroys its related files.

14.     INTENTION TO BE BOUND

1    It is the intention of the Parties that the provisions of this Protective Order shall govern

2    Discovery, Disclosures, and other pretrial and trial proceedings in the Federal Litigation.  The

3    Parties are, however, entitled to seek modification of this Protective Order by application to the

4    Court on notice to all other Parties hereto for good cause.  To the maximum extent possible, the

5    Parties agree to be bound by the terms of this Protective Order pending its entry by the Court, or

6    pending the entry of an alternative order thereto.

7

8    **IT IS SO STIPULATED BY AND THROUGH COUNSEL OF RECORD:**

9    DATED:  August 3|, 2015          SEDGWICK LLP

10

11   By: _____

12                                    ROBERT D. EASSA
                                      MARC A. KOONIN
                                      TARA K. CLANCY

13   Attorneys for Plaintiff

14   FCE BENEFIT ADMINISTRATORS, INC.

15   DATED:  August 3|, 2015          PAUL HASTINGS LLP

16

17   By: _____

18                                    GRACE A. CARTER
                                      STEPHEN H. HARRIS
                                      LAWRENCE A. LEVENDOSKY

19   Attorneys for Defendant

20   TRAINING, REHABILITATION &
     DEVELOPMENT INSTITUTE, INC.

21

22   ~~[Proposed]~~ **ORDER**

23

24   **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

25

26   DATED:  September 4, 2015  _____   _____

27                                    Hon. Jon S. Tigar

28                                    United States District Court Judge

---

Case No. 3:15-cv-01160-JST

-19-

STIPULATED PROTECTIVE ORDER

ADDENDUM A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare

under penalty of perjury that I have read in its entirety and understand the Stipulated Protective

Order (the "Protective Order") that was issued by the United States District Court for the

Northern District of California in the case of *FCE Benefit Administrators, Inc. v. Training,*

*Rehabilitation & Development Institute, Inc., et al.*, and the related cross-complaint, *Training,*

*Rehabilitation & Development Institute, Inc., on Behalf of Itself and the Health and Welfare Plan*

*of Training, Rehabilitation & Development Institute, Inc. v. FCE Benefit Administrators, Inc* ,

Case No. 3:15-cv-01160-JST (the "Federal Litigation ").  I am also aware of a related state case

pending before the Superior Court of the State of California, County of San Mateo, Civil Case

Number 532317 (the "State Action"), and that the State Action and Federal Litigation are referred

to together as the "Related Actions."

I agree to comply with and to be bound by all the terms of the Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Protective Order to any person or entity except in

strict compliance with the provisions of the Protective Order, along with, to the extent that I am

involved in the related State Action, any similar protective order issued in that case.  Unless the

Protective Order specifically provides otherwise, within 60 days of any request to do so, after

receiving notice of the entry of orders, judgments or decrees finally disposing of both of the

Related Actions, I will return the Confidential Information — including any copies, notes,

summaries, excerpts, and compilations made from it — or certify its destruction to the counsel

who provided me with the Confidential Information.

I further agree to submit to and consent to the jurisdiction of the United States District

Court for the Northern District of California for the purpose of enforcing the terms of the

Protective Order, even if such enforcement proceedings occur after termination of the Federal

Litigation.   Furthermore, I have provided accurate information below about my address and telephone number, as well as any agent for service of process.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my California agent for service of process in connection with this Federal Litigation or any proceedings related to enforcement of this Protective Order.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed this _____ day of _____, _____ at

_____, _____.

_____
(Signature)

Printed name: _____

Address:   _____          Telephone:   _____

81355360v1