ROBERT D. EASSA (SBN 107970)
robert.eassa@sedgwicklaw.com
MARC A. KOONIN (SBN 166210)
marc.koonin@sedgwicklaw.com
TARA K. CLANCY (SBN 253321)
tara.clancy@sedgwicklaw.com
SEDGWICK LLP
333 Bush Street, 30th Floor
San Francisco, CA 94104-2834
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

Attorneys for Plaintiff
FCE BENEFIT ADMINISTRATORS, INC.

GRACE A. CARTER (SB 101610)
gracecarter@paulhastings.com
STEPHEN H. HARRIS (SB 184608)
stephenharris@paulhastings.com
LAWRENCE A. LEVENDOSKY (SB 254903)
larrylevendosky@paulhastings.com
PAUL HASTINGS LLP
55 Second Street, 24th Floor
San Francisco, CA 94105
Telephone: (415) 856-7000
Facsimile: (415) 856-7100

Attorneys for Defendant
TRAINING, REHABILITATION &
DEVELOPMENT INSTITUTE, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FCE BENEFIT ADMINISTRATORS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> TRAINING, REHABILITATION & DEVELOPMENT INSTITUTE, INC., and DOES 1 through 10 inclusive, <br><br> Defendants. | NO. 3:15-CV-01160-JST <br><br> [PROPOSED] ORDER RE: JOINT STATUS REPORT <br><br> Hon. Jon S. Tigar <br><br> Complaint filed: January 30, 2015 <br> Removal: March 11, 2015 |

Having considered the Joint Status Report submitted by Plaintiff FCE Benefit Administrators, Inc. ("FCE") and Defendant Training, Rehabilitation & Development Institute, Inc. ("TRDI") and good cause appearing, this Court sets the following deadlines:

A.  <u>Rule 26 Disclosure</u>:  The Parties shall exchange Rule 26 Initial Disclosures by January 29, 2016.  Pursuant to Rule 26(a)(1)(ii), on January 29, 2016, the parties will exchange initial disclosures, including both a description by category and location of relevant documents which support each party's claims or defenses (unless their use would be solely for impeachment), as well as copies in hard and/or PDF formats of documents identified in the initial disclosures to the extent such documents are in each party's possession.  However, FCE need not re-produce additional copies of the documents Bates Numbered FCE000001 through FCE004200 which it previously produced to TRDI.  Additionally, disclosure of Electronically Stored Information ("ESI"), particularly in its native format, shall not be required until the Court issues an Order in response to a discovery plan submitted by the parties.

B.  <u>Global Case Management Plan and Discovery Plan</u>:  The Parties shall jointly submit a global case management plan for the instant federal court action and the related state court action by January 29, 2016.  The global case management plan shall be accompanied by a joint discovery plan under Rule 26(f)(2).  Any discovery responses which would otherwise be due prior to that date shall instead be due no later than February 29, 2016.  The joint discovery plan shall address and/or propose a resolution for the following discovery issues:

1. Scope of anticipated discovery, including identification of potentially responsive documents and the scope of e-discovery searches, including but not limited, where applicable, to proposed search terms (including specific words or phrases, and the names of custodians for whom ESI will be searched), the time frame(s) to be searched (including the ranges for creation or receipt dates), ESI that the parties will presume is not reasonably accessible, and sources of ESI that the parties agree are less likely to contain discoverable information from which discovery will be postponed or avoided;

2. The manner and format in which ESI will be produced, including the extent, if any, to which metadata will be produced;

3. How to deal with the parties' outstanding written discovery requests, which include: FCE's special interrogatories and requests for production to TRDI in the state court action (set 2); FCE's interrogatories and requests for production to TRDI in the federal court action (set 1); and TDI's special interrogatories and requests for production to FCE in the state court action (set 1). The parties may choose to agree to withdraw and re-issue new requests in light of the information obtained at mediation and in the initial disclosures and/or meet and confer to narrow the scope of the requests;

3. Dual use of discovery (i.e., whether discovery obtained in the federal action and in the superior court action may be used in the other without limiting the number of discovery requests that may be served in each action);

4. A phased discovery plan (particularly for ESI), including resolution to the extent possible of the parties' previously exchanged priority discovery proposals; and

5. The timing, location, and sequencing of depositions, including Rule 30(b)(6) Person Most Qualified corporate depositions, including: (a) documents that the corporate designee is requested to produce at such deposition; (b) whether the corporate designee may be deposed in his or her individual capacity concurrent with the corporate deposition; (c) to the extent it is the same individual, whether the corporate designee's deposition shall proceed back to back for the federal and state matter, while avoiding unnecessary repetition and duplication of questioning; and (d) the proposed timing for depositions.

**IT IS SO ORDERED.**

1  DATED: November 18, 2015

_____
HONORABLE JON S. TIGAR
UNITED STATES DISTRICT JUDGE